

446

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ed Gunn
Criminal District Attorney
Cameron, Texas

Dear Sir:

Opinion No. O-4507
Re: May the owner of property upon which
taxes are delinquent be charged as
a part of the court costs for the
costs incurred by a delinquent tax
contractor in compiling an abstract
on said delinquent's property?

We have received and considered your request for an
opinion from this department. We quote from your request:

"I'm submitting a letter herein which was placed in
my hands by the Commissioners Court of Milam County, the
contents of which will explain itself to you. I gave the
court my opinion that in so much as the said Camp had
agreed by contract, as stated therein, that he would make
and furnish an abstract, that he now could not tax and
force the payment of same from the delinquent taxpayer.

"Would be glad to know your opinion of the terms in
the said contract, as you approved same at time it was
made."

Attached to your request, and referred to by you,
is a letter from the County Judge of Milam County from which
we quote:

"On January 1, 1941, Milam County entered into a
contract with W. B. Camp, Esq., for extension of contract
to collect delinquent taxes for Milam County which was
approved by Gerald Mann, Attorney General, on February 10,
1941. In section 5 of said contract, regular comptroller
form, said Camp agrees to 'make and furnish' an abstract
in each suit filed by him.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ed Gunn, page 2

"In an opinion rendered in 1939, of which the Commissioners' Court had no knowledge, it was held, in effect, that the cost of an abstract could be charged as court cost and collected from defendant in addition to penalty and interest. This opinion does not cover the information that the Commissioners' Court wants you to get from the Attorney General, viz: Does the Delinquent collector, as named above, where he has contracted to 'make and furnish' an abstract, have the authority to charge same as court cost and collect from the litigant."

We find from an examination of your letter that the delinquent tax contract executed by and between the Commissioners' Court of Milam County and E. B. Camp is the standard form required and furnished by the Comptroller of the State of Texas. We quote from Section 5 of said contract:

"Second Party, where it is necessary to prepare and file suits for the enforced collection of delinquent taxes on real property, shall make and furnish an abstract of the property which shall show the amount of delinquent taxes due against each and every tract, lot or parcel of land, and shall show the number of acres so delinquent and a correct description of the property, the year delinquent, how it was charged upon the tax rolls, the correct name of owner or owners of the property at the time it became delinquent, the person from whom and the date that he or they derived title to said property, and the volume and page of public records that his or their deed or other title evidence is of record, and the date that each subsequent change of ownership occurred down to the present ownership; it shall further show the name of any and all outstanding lienholders and leasehold interests of record, and all other information necessary for the proper preparation and filing of suit or suits for the collection of delinquent taxes."

We desire to quote from a portion of paragraph numbered VIII on page 5 of such a delinquent tax contract as follows:

"First Party agrees to pay to Second Party as compensation for the services hereunder required _____ per cent (not to exceed fifteen (15) per cent) of the amount collected of all delinquent taxes, penalty and interest of the years covered hereby, actually collected and paid to the collector of taxes during the term of this contract, . . ."

448

It is our opinion from a consideration of the foregoing provisions of the delinquent tax contract, that the delinquent tax attorney cannot personally recover for the expenses of preparing an abstract as a part of his compensation over and above the amount specified in the quoted provision of paragraph numbered VIII of said contract, and that the percentage of compensation therein provided constitutes his entire compensation for the services rendered by him in executing the delinquent tax contract.

The provisions of paragraph V of the delinquent tax contract, quoted above, clearly make it the duty of the delinquent tax attorney to "make and furnish" an abstract of the property upon which it becomes necessary to file a delinquent tax suit.

We are of the further opinion, however, that the preparation of such abstracts, by the delinquent tax attorney, is for the use and benefit of the taxing unit and is a proper item of expense, incurred by it in order to bring a tax suit and foreclose a tax lien for the amount of delinquent taxes in the manner provided by law. In this connection we call your attention to our opinion No. O-1705, where we have said:

"You are advised that Article 7345-b, Section 6, Vernon's Annotated Civil Statutes, provides that such reasonable expenses as the taxing units may incur in procuring data and information as to the name, identity and location from necessary parties, and in procuring necessary legal descriptions of the property, shall be chargeable as court costs.

"Therefore, it is our opinion that any reasonable expenses in procuring the above information may be charged as court costs in each tax suit. However, the question as to just what data and information are necessary, and what the reasonable expense thereof would be is a question of fact."

You are, therefore, respectfully advised, that while the delinquent tax attorney is not entitled to personally recover the reasonable cost for the preparation of an abstract necessary to the proper institution of a delinquent tax suit, nevertheless, we believe that the taxing unit incurring such expense is entitled to have its claim presented for said amount allowed by the judge trying the case in the manner required in Article 7345-b, Section 6 and property charged against the property owner and defendant in the tax suit as a part of the court costs in said suit.

Honorable Ed Gunn, page 4

We trust that in this manner we have fully answered your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APR 29, 1942

By Harold McCracken

ASSISTANT
ATTORNEY GENERAL

Harold McCracken
Assistant

HMcC:AHM


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN